UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEXTER LEWIS VASSAR-EL**                                   **CIVIL ACTION**

**VERSUS**                                                          **NO. 20-90**

**STATE OF LOUISIANA**                                      **SECTION: "E"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Dexter Lewis Vassar-El, a state prisoner, filed the instant pleading in which he sued the State of Louisiana. In that pleading, he apparently claims that his incarceration is "fraudulent" because he is a "free born Moorish American." As relief, he seeks "reparation," "injunction," and monetary damages.[1]

The Clerk of Court interpreted the pleading as an attempt to file a federal civil rights action pursuant to 42 U.S.C. § 1983 and issued a Notice of Deficient Filing instructing plaintiff that he must resubmit his claim on an approved complaint form.[2] Rather than comply with that instruction, plaintiff submitted a pleading entitled "Notice of Appeal" in which he essentially reiterated the assertions of his original pleading but added that his arrest was a form of kidnapping and his criminal trial was improper.[3]

Plaintiff has therefore refused to file a proper complaint form, but any further efforts to require him to do so would apparently be futile. Accordingly, the undersigned United States Magistrate Judge instead simply recommends that this action be dismissed for the following reasons.

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 3.
[3] Rec. Doc. 4.

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …." 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Here, even if the Court were to overlook for the moment the fact that plaintiff has improperly named the State of Louisiana as the sole defendant,[4] plaintiff is faced with one critical

---

[4] Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). The United States Fifth Circuit Court of Appeals has expressly held:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev. Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We

2

defect that he cannot cure through an amendment to the complaint: his underlying claim is frivolous because it is based on an indisputably meritless legal theory, i.e. the "sovereign citizen" theory. "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." United States v. Weast, 811 F.3d 743, 746 n.5 (5th Cir. 2016); see also Gravatt v. U.S., 100 Fed. Cl. 279, 282-83 (Fed. Cl. 2011) (explaining the "sovereign citizen" belief system); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives). It has been repeatedly held that "[s]overeign-citizen legal arguments ... are indisputably meritless." Westfall v. Davis, Civ. Action No. 7:18-cv-00023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), adopted, 2018 WL 2414794 (N.D. Tex. May 29, 2018); accord United States v. Austin, Crim. Action No. 13-194, 2018 WL 6326435 (E.D. La. Dec. 12, 2018); LaVergne v. USA, Docket No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018) ("Courts routinely dismiss sovereign citizen claims as frivolous or otherwise lacking merit."), adopted, 2018 WL 2747058 (W.D. La. June 7, 2018); El v. Louisiana, Civ. Action No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017); Mason v. Anderson, Civil Action No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

---

note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (citations and quotation marks omitted).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___18th___ day of February, 2020.

                                                      _____
                                                      **JANIS VAN MEERVELD**
                                                      **UNITED STATES MAGISTRATE JUDGE**