**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEXTER LEWIS VASSAR-EL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-090** |
| **STATE OF LOUISIANA** | **SECTION: "E" (1)** |

**ORDER AND REASONS**

Before the Court is a Report and Recommendations[1] issued by the Magistrate Judge recommending the Court dismiss with prejudice as frivolous the complaint filed by Plaintiff Dexter Lewis Vassar-E.[2] For the following reasons, the Court **ADOPTS** the Report and Recommendations and **DISMISSES WITH PREJUDICE** Plaintiff's complaint as frivolous. Further, given the frivolity of Plaintiff's complaint, the Court **DENIES WITH PREJUDICE** Plaintiff's Motion for Extension and Motion to Amend, which Plaintiff filed after the Magistrate Judge issued her Report and Recommendations.[3]

**BACKGROUND**

Plaintiff Dexter Lewis Vassar-E is a prisoner incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. On January 8, 2020, Plaintiff, pro se, filed a complaint of the "sovereign citizen" variety, claiming his incarceration is "fraudulent" because he is a "free born Moorish American," and seeking as relief "reparation," "injunction," and monetary damages.[4] Petitioner filed this action in forma pauperis.[5] The

[1] R. Doc. 7.
[2] R. Doc. 1.
[3] R. Doc. 16.
[4] R. Doc. 1.
[5] On January 8, 2020, Petitioner filed a deficient motion for leave to proceed in forma pauperis. R. Doc. 2. The Clerk of Court issued a Notice of Deficiency and ordered Plaintiff to remedy the deficiency by January 31, 2020. R. Doc. 3. On February 3, 2020, Plaintiff filed a new motion for leave to proceed in forma pauperis. R. Doc. 5. The Magistrate Judge granted this motion. R. Doc. 6.

Clerk of Court construed Plaintiff's complaint as a federal civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, on January 10, 2020, the Clerk of Court issued a Notice of Deficient Pro Se Complaint instructing Plaintiff to resubmit his § 1983 claim on an approved complaint form.[6] Plaintiff did not comply with this directive. Instead, on February 3, 2020, Petitioner filed a pleading entitled "Notice of Appeal" reiterating the allegations in his original deficient complaint and adding an allegation that his arrest was a form of kidnapping and his criminal trial was improper.[7] On February 14, 2020, Petitioner filed another pleading entitled "Notice of Appeal," reiterating his allegation that he is "free and sovereign Moorish American National."[8]

On February 18, 2020, the Magistrate Judge issued a Report and Recommendations.[9] The Magistrate Judge recommends that Plaintiff's complaint be dismissed with prejudice as frivolous because "Plaintiff has [] refused to file a proper complaint form" and "any further efforts to require him to do so would apparently be futile."[10] The Magistrate Judge noted Plaintiff's complaint would be frivolous "even if the Court were to overlook for the moment the fact that plaintiff has improperly named the State of Louisiana as the sole defendant,"[11] explaining that "[u]nless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief."[12]

[6] R. Doc. 3.
[7] R. Doc. 4.
[8] R. Doc. 8.
[9] R. Doc. 7.
[10] *Id.* at 1.
[11] *Id.* at 2.
[12] *Id.* at 2 n.4 (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002); *Tyson v. Reed*, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010)).

Plaintiff subsequently filed three pleadings the Clerk of Court construed as objections to the Report and Recommendations.[13] In the first "objection," Plaintiff appears to repeat his allegation that his incarceration is "fraud[ulent]" due to his self-described status as a free and sovereign Moorish American National.[14] In his second "objection," Plaintiff provides: "I hereby state a claim for which can be granted by any federal court, which is 'fraud,' and on approved forms."[15] Plaintiff did not, however, submit any claims on the approved complaint form sent to him by the Clerk's Office. In his third "objection," Plaintiff again makes allegations of "fraud" concerning his incarceration arising from his self-described status as a Moorish American National.[16,17]

On April 30, 2020, Plaintiff filed a Motion for Extension and Motion to Amend, apparently seeking to file an amended complaint.[18] Other than adding three new defendants—the Governor of the State of Louisiana, the Secretary of Louisiana's Department of Public Safety and Corrections, and the Warden of Louisiana State Penitentiary—the amended complaint largely reiterates the same allegations in his original deficient complaint.[19] The amended complaint is not filed on the approved complaint form that was mailed to Plaintiff along with the Notice of Deficient Pro Se Complaint.

---

[13] R. Docs. 10, 11, and 14.
[14] R. Doc. 10.
[15] R. Doc. 11.
[16] R. Doc. 14.
[17] On February 20, 2020, March 6, 2020, March 13, 2020, and April 16, 2020, Plaintiff filed pleadings entitled "Legal Notice" reiterating his assertion that he is a free and sovereign Moorish American National. R. Docs. 9, 12, 13, and 15.
[18] R. Doc. 16.
[19] *Id.* at 2-7.

**LAW AND ANALYSIS**

In reviewing the Magistrate Hudge's Report and Recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[20] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[21] In this case, it is unclear whether the "objections" filed by Plaintiff were even intended to be objections to the Report and Recommendations. To the extent the "objections" are treated as objections to the Report and Recommendations, Plaintiff fails to object to any specific portion of the Magistrate Judge's Report and Recommendations. As a result, the Court need only review the conclusions in the Report and Recommendations to determine whether they are clearly erroneous or contrary to law. The Court finds the Magistrate Judge's conclusion that Plaintiff's complaint may be dismissed with prejudice as frivolous because "Plaintiff has [] refused to file a proper complaint form" and "any further efforts to require him to do so would apparently be futile"[22] is squarely in line with statutory law and Fifth Circuit precedent.

As the Magistrate Judge correctly identified,[23] 28 U.S.C. § 1915 mandates that, for federal actions brought in forma pauperis like this action, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous[.]"[24] Similarly, 28 U.S.C. § 1915A mandates that, for federal complaints filed by prisoners like Plaintiff, "the

[20] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[21] *Id.*
[22] R. Doc. 7 at 1.
[23] *Id.* at 2.
[24] 28 U.S.C. § 1915(e)(2)(B)(i).

court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous[.]"[25] A complaint is frivolous "if it lacks an arguable basis in law or fact."[26]

As the Magistrate Judge explained, "[Plaintiff's] underlying claim is frivolous because it is based on an indisputably meritless legal theory, i.e. the 'sovereign citizen' theory."[27] Indeed, "[c]ourts routinely dismiss sovereign citizen claims as frivolous or otherwise lacking merit,"[28] as "[t]here is no constitutional support for this theory."[29] In fact, contrary to Plaintiff's belief that he is a sovereign citizen, the Fourteenth Amendment to the United States Constitution provides "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside."[30] Simply put, "[i]t appears that Plaintiff is like many other 'Moorish Americans' who attempt to escape the laws of this country."[31] As a result, the Court agrees with the Magistrate Judge's conclusion that, because Plaintiff's complaint is clearly frivolous, the Court is required to dismiss with prejudice his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

---

[25] 28 U.S.C. § 1915A(b)(1).
[26] *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)).
[27] R. Doc. 7 at 2.
[28] *LaVergne v. USA*, No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018), *adopted*, 2018 WL 2747058 (W.D. La. June 7, 2018) (citing *Wirsche v. Bank of Am., N.A.*, 2013 WL 6564657 at *2 (S.D. Tex. Dec. 13, 2013) (noting "[t]hese teachings have never worked in a court of law—not a single time"); *West v. Enns*, 2017 WL 2313469 at *3 (N.D. Tex. Apr. 27, 2017) (collecting cases on dismissals of sovereign citizen claims)).
[29] *Id.*
[30] U.S. Const. amend. XIV, § 1.
[31] *El v. Louisiana*, Civ. Action No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017) (citing *Johnson-Bey v. Lane*, 863 F.2d 1308 (7th Cir. 1988) (explaining the background of the "Moorish Science Temple of America"); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives)).

Further, "given the frivolity of Plaintiff's complaint, Plaintiff shall not be permitted leave to file an amended complaint."[32,33] This result is unaltered by the fact that Plaintiff seeks in part to amend his complaint to name additional defendants[34] because any amended complaint would still be based on a frivolous "sovereign citizen" variety claim which, as the Magistrate Judge put it, is a "critical defect that he cannot cure[] through an amendment to the complaint."[35] Accordingly, the Court will deny Plaintiff's Motion for Extension and Motion to Amend.[36]

## CONCLUSION

**IT IS ORDERED** that the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendations[37] and **DISMISSES WITH PREJUDICE** Plaintiff's complaint[38] as frivolous.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension and Motion to Amend[39] is **DENIED WITH PREJUDICE**.

**New Orleans, Louisiana, this 18th day of May, 2020.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[32] *Id.* (citing *Bey v. Sutton*, No. 413-205, 2013 WL 5816427, at *1 (S.D. Ga. Oct. 29, 2013) (finding a "Moorish American's" complaint so frivolous that a "re-pleading option" was not warranted)).
[33] The Court notes the frivolity of any amendment in this case is further bolster by the fact that the very amended complaint Plaintiff seeks to file in this case is once again premised on a non-cognizable claim based on a sovereign citizen theory. R. Doc. 16.
[34] R. Doc. 16 at 1.
[35] R. Doc. 7 at 2.
[36] R. Doc. 16.
[37] R. Doc. 7.
[38] R. Doc. 1.
[39] R. Doc. 16.